UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIM GALLAGHER<br>521 Greenhill Ln.<br>Philadelphia, PA 19128,<br>           Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA (City Controller)<br>1515 Arch St.<br>Philadelphia, PA 19102;<br>           and<br><br>CHRISTY BRADY, *City Controller*<br>1515 Arch St.<br>Philadelphia, PA 19102,<br>           and<br>CHARLES EDACHERIL,<br>*Former Acting City Controller*<br>1515 Arch St.<br>Philadelphia, PA 19102,<br>           Defendants. | C.A. No.: 2:25-cv-00675-MKC<br><br>***TRIAL BY JURY DEMANDED*** |

**AMENDED COMPLAINT**

Plaintiff, Jim Gallagher, by and through his undersigned attorneys, files the within Amended Complaint WITH DEMAND FOR TRIAL BY JURY and avers as follows:

**I.   INTRODUCTION**

1. Plaintiff was an employee of the City Controller's Office for Defendant, City of Philadelphia. He served as Chief Investigator and was hired by the prior Controller, Rebecca Rhynhart. Rynhart resigned her position on October 25, 2022 to run for mayor; and Defendant Christy Brady was appointed interim Controller in November 2022. Defendant Brady resigned the office on February 3, 2023 to run in the 2023 election for Controller. After Brady resigned, Defendant Charles Edacheril was appointed interim Controller. Defendant Brady won the office of Controller on November 7, 2023 and took over from Defendant Edacheril on January 2, 2024.

2. In the transition from Edecheril to Brady, Plaintiff and other investigators in the Controller's Office were terminated. These terminations were part of a politically motivated effort to replace experienced, nonpartisan investigators with political insiders.

3. The conduct of Defendants is a violation of Plaintiffs' First Amendment Rights, enforceable in this Court pursuant to 42 U.S.C. § 1983 ("§ 1983"). This "Tammany Hall" style use of political office is unlawful and caused Plaintiff substantial harm. As the Supreme Court has held *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 64 (1990):

> To the victor belong only those spoils that may be constitutionally obtained. *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), and *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), decided that the First Amendment forbids government officials to discharge or threaten to discharge public employees solely for not being supporters of the political party in power, unless party affiliation is an appropriate requirement for the position involved.

4. Party affiliation is not relevant to Plaintiff's position.

## II. PARTIES, JURISDICTION, VENUE

5. Plaintiff/Employee, Jim Gallagher, is an adult individual, domiciled at the above-referenced address.

6. Defendant/Employer, City of Philadelphia, is the legal entity subject to jurisdiction of this Court. The Office of the Controller is the department in the City of Philadelphia relevant to the Complaint.

7. Defendant/Employer Christy Brady a is the current officeholder of the City Controller. She is sued in her official capacity.

8. Defensdant/Employer Charles Edacheril served as interim Controller at times material to this Complaint. He currently holds the title as Deputy Controller of Audit in the City Controller's Office. He is sued in his official capacity.

9. This Court has original federal question jurisdiction over Plaintiff's § 1983 claims.

10. Venue is appropriate in this Court because the transactions and occurrence which give rise to this suit all occurred in Philadelphia, Pennsylvania.

11. At all relevant times, Defendants acted under color of law.

### III. FACTUAL ALLEGATIONS

12. On November 7, 2023, Defendant Brady won election for City Controller.

13. In January 2023, Brady was required by Order of the Court of Common Pleas to resign her position as interim Controller pursuant to the City Home Rule Charter.

14. When Brady resigned, Charles Edacheril was appointed interim Controller.

15. It is believed, and therefore averred, that Brady and Edacheril coordinated the improper conduct.

16. Edacheril remains employed at the City Controller's office in the capacity as Deputy Controller of Audit.

17. Plaintiff declined to support Defendant Brady's campaign for the office.

18. On November 21, 2023 Plaintiff received notice from Defendants, c/o Lief Erickson, City Controller Chief of Staff, that he was terminated, effective December 3, 2023.

19. Plaintiff began working at the City Controller on November 4, 2019. He was a highly qualified employee and his performance history was excellent.

20. As a direct and proximate result of Defendants' misconduct, Plaintiff has suffered injury. He lost a good paying, steady job that has been difficult to replace.

21. Plaintiff sought out and obtained alternative work, but he continues to suffer economic hardship; Plaintiff could not find replacement work at or better than the pay and benefits he earned.

22. Plaintiff also suffers from humiliation, embarrassment, emotional distress and physical symptoms of that distress.

23.   As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe injuries, which include but are not limited to:

   a) Lost wages;
   b) Lost back pay;
   c) Lost future wages;
   d) Lost benefits;
   e) Embarrassment and humiliation;
   f) severe emotional distress; and
   g) other damages as described in further detail in this pleading and as will become evident through the course of discovery.

24.   Defendants are liable to Plaintiff for reasonable attorney's fees and costs incurred.

**COUNT I      FIRST AMENDMENT RETALIATION**

25.   Repeats and realleges paragraphs 1-24 as if set forth at length herein.

26.   At all relevant times, Plaintiff was a public employee.

27.   Plaintiff has rights under the Constitution of the United States.

28.   Pertinent here, Plaintiff's Constitutional rights include, but are not limited to, First Amendment Rights of free speech; to freely associate, or not associate, with any political party or candidate; and the right to be free from coercion to support a political party or individual as a condition of public employment

29.   Plaintiff was terminated as part of a politically motivated purge that replaced qualified, apolitical employees with politically connected insiders.

30.   A substantial, significant, relevant, motivating and/or determining factor in the decision to terminate Plaintiff was political favoritism.

31.   Defendants acted under color of state law, and Brady exercised her authority as City Controller to enforce political loyalty in hiring and firing decisions.

32.   Defendants' actions were unconstitutional and violated Plaintiff's First Amendment rights.

33. As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered harm, as set forth above and incorporated herein by reference

WHEREFORE, Plaintiff, Jim Gallagher, seeks judgment against Defendants for all equitable and monetary relief as may be awarded, including but not limited to: compensatory damages; liquidated damages; reasonable attorney's fees and costs; and all such other damages and relief available under the applicable laws.

**TRIAL BY JURY DEMANDED**

          Respectfully submitted,

          CREECH & CREECH, LLC

          */s/ Timothy P. Creech*
          TIMOTHY P. CREECH
          1835 Market St., Suite 2710
          Philadelphia, PA 19103
          (215) 575-7618; Fax: (215) 575-7688
          Timothy@CreechandCreech.com

DATED:  February 18, 2025