**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| JIM GALLAGHER,  :  <br>  :  <br> Plaintiff,  :  CIVIL ACTION <br>  :  <br> v.  :  No. 2:25-CV-675 <br>  :  <br> THE CITY OF PHILADELPHIA, et al.,  :  <br>  :  <br>  :  <br> Defendants.  :  <br>  :  | |

**DEFENDANTS CITY OF PHILADELPHIA, CHRISTY BRADY, AND CHARLES EDACHERIL'S ANSWER TO
<u>PLAINTIFF JIM GALLAGHER'S AMENDED COMPLAINT</u>**

Defendants the City of Philadelphia, Christy Brady, City Controller, and Charles Edacheril, Former Acting City Controller, by and through their undersigned counsel, hereby answer the Complaint of Plaintiff Jim Gallagher ("Gallagher") and assert their Affirmative Defenses as follows:

**I.      INTRODUCTION**

1.    Admitted in part; denied in part. It is admitted that Plaintiff was an employee of the City Controller's Office for the City of Philadelphia and worked as a Chief Investigator. It is admitted that Plaintiff was hired by the prior Controller, Rebecca Rhynhart, who resigned her position on October 25,2022 to run for mayor. It is admitted that Christy Brady was appointed interim Controller in November 2022 and resigned to run for Controller on February 3,2023. It is also admitted that Charles Edacheril was appointed interim Controller. It is denied that Christy Brady took office as Controller on January 2, 2024 (Kristy Brady took office on November 26, 2023).

2. Admitted in part; denied in part. Defendants admit that Plaintiff and other investigators were terminated. Defendants deny the remaining allegations in this paragraph.

3. Denied. The allegations in this paragraph consist of conclusions of law and are therefore denied.

4. Admitted.

## II. PARTIES, JURISDICTION, VENUE

5. Admitted in part; denied in part. It is admitted that Gallagher is an adult. The remaining allegations are denied in that Defendants are, after reasonable investigation, without sufficient knowledge or information to determine the truth or falsity of the allegation in this paragraph.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted

10. Admitted in part, denied in part. Admitted that the conduct alleged occurred in Philadelphia, Pennsylvania. Denied that Defendants engaged in any wrongdoing or violation of Plaintiff's rights.

11. Denied. The allegations in this paragraph are conclusions of law and are denied on that basis.

## II. FACTUAL ALLEGATIONS

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied. Defendants specifically deny that they "coordinated the improper conduct".

16. Admitted.

17. Denied. Defendants are, after reasonable investigation, without sufficient knowledge or information to determine the truth or falsity of the allegation in this paragraph, and therefore, deny same.

18. Admitted.

19. Admitted in part, denied in part. It is admitted Plaintiff began working at the City Controller's Office on November 4, 2019. Defendants are, after reasonable investigation, without sufficient knowledge or information to determine the truth or falsity of the allegation in this paragraph, and therefore, deny same.

20. Denied. Defendants specifically deny that they engaged in "misconduct" or caused Plaintiff any such damages. The allegations are denied as legal conclusions as well.

21. Defendants are, after reasonable investigation, without sufficient knowledge or information to determine the truth or falsity of the allegations concerning the alleged damages and any alleged attempts to mitigate those damages and as such, deny same. The allegations are denied as legal conclusions as well.

22. Denied. Defendants are, after reasonable investigation, without sufficient knowledge or information to determine the truth or falsity of the allegations concerning the alleged damages and thus, deny same. The allegations are denied as legal conclusions as well.

23. Denied (including denials as to the allegations of each sub-paragraph). Defendants specifically deny that they caused Plaintiff any such damages. The allegations are denied in that they are legal conclusions as well.

24. Denied. This allegation is a conclusion of law and is denied on this basis. Defendants further deny, on the merits, any such liability.

**COUNT I: FIRST AMENDMENT RETALIATION**

25. Defendants reallege and incorporate by reference their responses set out above.

26. Admitted to the extent that "at all relevant times" means during the terms of Plaintiff's employment with the City.

27. Admitted.

28. Admitted in part; denied in part. Admitted the Plaintiff has First Amendment Rights as a public employee. The remainder of the allegations in this paragraph are legal conclusions and are denied on that basis.

29. Denied.

30. Denied.

31. Denied.

32. Denied. The allegations in this paragraph are conclusions of law and are denied on this basis. Defendants further deny the allegations as substantively meritless.

33. Denied. It is denied that Defendant took any unlawful actions. It is further denied that Defendant's caused Plaintiff any such damages. The allegations are denied in that they are legal conclusions as well.

WHEREFORE, Defendants request judgment in their favor and against Plaintiff along with such equitable and monetary relief as the court deems just and appropriate, including an award of attorneys' fees and costs.

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses. Defendants reserve the right to amend this Answer and assert additional Affirmative Defenses based upon information obtained during discovery.

**First Affirmative Defense**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**Second Affirmative Defense**

The claims asserted in the Complaint are barred, in whole or in part, by the applicable statute of limitations or other applicable rules, statutes, or regulations controlling or requiring the initiation of a suit within a certain period of time following the accrual of the cause of action.

**Third Affirmative Defense**

Plaintiff waived any and all alleged rights to the relief sought in the Complaint.

**Fourth Affirmative Defense**

Defendants acted at all times in good faith and for legitimate, non-retaliatory reasons.

**Fifth Affirmative Defense**

Defendants exercised reasonable care to prevent and promptly eliminate any retaliatory conduct in the workplace.

**Sixth Affirmative Defense**

The individual Defendants are entitled to qualified immunity.

**Seventh Affirmative Defense**

Any alleged damages or losses, if any, were caused in whole or in part by Plaintiff's own acts, omissions, or conduct.

**Eighth Affirmative Defense**

Plaintiff failed, in whole or in part, to mitigate his damages.

### Ninth Affirmative Defense

Plaintiff's claims for punitive damages (if any) are barred because the alleged acts, occurrences, or omissions as alleged in the Complaint fail to rise to the level required to sustain an award of punitive damages as they do not evidence willful, wanton, malicious, or reckless actions by Defendants.

### Tenth Affirmative Defense

Defendants would have taken the same action(s) regardless of Plaintiff's purportedly protective activity or status.

**WHEREFORE**, Defendants pray that the Court enter judgment in their favor and against Plaintiff, including denying all claims for equitable relief, and dismissing all claims with prejudice, and awarding the Defendants their attorneys' fees, costs, and any other relief the Court deems just and proper.

By: */s/ Megan Ryan Malone*
Megan Ryan Malone, Esquire
Assistant City Solicitor
P.A. ID No. 327309
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
Megan.Malone@phila.gov
(215) 683-5451 (Telephone)
*Attorneys for Defendants*
*City of Philadelphia, Christy Brady,*
*and Charles Edacheril*

*Dated: April 21, 2025*

## CERTIFICATE OF SERVICE

I, Megan Ryan Malone, hereby certify that on April 21, 2025, I caused a true and correct copy of Defendants' Answer to Plaintiff's Amended Complaint to be served on all counsel of record via the Court's ECF system.

           */s/ Megan Ryan Malone*
           Megan Ryan Malone, Esquire
           Assistant City Solicitor

Date: April 21, 2025